UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARY MCCOY, INDIVIDUALLY AND AS NEXT FRIEND OF R**** M**** AND S***** M**** <br><br> V. <br><br> THE UNITED STATES OF AMERICA | § § § § § § § § § <br><br> CIVIL ACTION NO. 4:25-cv-05935 <br><br> (Jury Demanded) |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW Plaintiffs, Mary McCoy, Individually and as Next Friend of R**** M**** and S***** M**** and files this original complaint against The United States of America, and would show the Court the following:

### I.　　Parties

1. Plaintiffs, Mary McCoy, Individually and as Next Friend of R**** M**** and S***** M****, ("Plaintiffs') are residents of Pearland, Texas.

2. Defendant, The United States of America, may be served by serving a copy of the summons and complaint to *Nicholas J. Ganjei, US Attorney for the Southern District of Texas can be served by email at usatxs.civilnotice@usdog.gov and paper copy to the Civil Process Clerk, United States Attorney's Office, 1000 Louisiana St, Ste 2300, Houston, TX 77002.* A copy of the summons and complaint shall be served *by registered or certified mail to Pam Bondi, Attorney General of the United States who can be served at U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001*.

A copy of the summons and of the complaint shall also be served *by registered or certified mail to Thomas J. Marshall, General Counsel and Executive Vice President of the United States Postal Service who can be served at 475 L'Enfant Plz SW, Washington Dc 20260-1100.*

## II.   Jurisdiction

3.   The court has exclusive jurisdiction over the lawsuit as this action is brought pursuant to the Federal Tort Claims Act. Jurisdiction is appropriate pursuant to 28 U.S.C §§ 1346(b)(1), 2401(b), 2675(a) and 39 C.F.R. 912.9(a) as the administrative claim and required notice was previously by Plaintiffs to Defendant, and Defendant has not properly or formally notified Plaintiffs whether Defendant has accepted or denied Plaintiffs' claims as required by law. Six (6) months have passed since Plaintiffs' claim was submitted to Defendant.

## III.   Federal Tort Claims Act

4.   The negligent acts or omissions of an employee of Defendant, The United States of America ("United States") through its department, The United States Postal Service, ("USPS"), acting within the employee's course and scope of his employment for Defendant, proximately caused the automobile collision made the basis of Plaintiffs' claims and Plaintiffs' damages.

5.   Specifically, Brandon To Fusilier-Jeffires ("Fusilier-Jeffires"), an individual who was at all times material an employee of the United States, and was acting within the course and scope of his employment for the United States, had a duty to exercise ordinary care to

reasonably and prudently operate the vehicle he was driving and that was owned or under the actual control of the Defendant.

6. Under the laws of the State of Texas, a private person would be liable to Plaintiffs for this act or omission. In accordance with U.S.C. § 1356(b), the United States is liable to Plaintiffs for Plaintiffs' damages for the personal injuries described below.

### IV.   Venue

7. Venue is proper in this district under 28 U.S.C. §§ 1402(b) and 1391(e)(2) because the automobile accident given rise to this claim occurred in this judicial district.

### V.   Conditions Precedent

8. All conditions precedent have been performed or have occurred.

### VI.   Factual Allegations

9. On or about December 5, 2022, Plaintiff, Mary McCoy, ("Plaintiff" or "McCoy") was traveling westbound on the outside lane of Magnolia Parkway, in Pearland, Brazoria County, Texas. Plaintiffs R**** M**** and S***** M**** were passengers in Plaintiff's vehicle. Defendant's employee, Brandon To Fusilier-Jeffires ("Fusilier-Jeffires"), was the driver of Defendant's vehicle and was travelling northbound on Maryfield Boulevard, Pearland, Brazoria County, Texas. As Plaintiff drove through the intersection of Magnolia Parkway and Maryfield Boulevard, Fusilier-Jeffires negligently failed to stop at, ran a stop sign and failed to yield the right of way at said intersection and his vehicle collided with Plaintiff's vehicle, proximately causing Plaintiffs' injuries and damages. At the time of this incident, Fusilier-Jeffires was an

employee of, and in the course and scope of his employment for The United States Postal Service, ("USPS").

## VII.    Negligence

10.     Defendant's employee had a duty to exercise the degree of care that a person of reasonable and ordinary prudence to avoid harm to others under the same or similar circumstances as those described herein.

11.     Plaintiffs' injuries and damages were proximately caused by Defendant's employee's negligent, careless, and reckless disregard of said duty while in the course and scope of his employment with the United States, including, but not limited to the following acts and omissions:

  11.1  Defendant's employee failed to keep a proper lookout for Plaintiff's safety that would have been maintained or exercised by a person of ordinary prudence under the same or similar circumstances.

  11.2  Defendant's employee failed to yield the right of way to Plaintiff's vehicle as a person of ordinary prudence exercising prudence would have done.

  11.3  Defendant's employee failed to stop or turn his vehicle to the left or right to avoid the collision with Plaintiff's vehicle.

  11.4  Defendant's employee failed to operate his vehicle as a person using ordinary prudent care would have done.

  11.5  Defendant's employee failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant's vehicle.

  11.6  Defendant's employee failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done.

*Plaintiffs' Original Complaint*

11.7  Defendant's employee failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes to avoid the collision in question.

11.8  Defendant's employee failed to yield the right of way to Plaintiff's vehicle.

11.9  Defendant's employee entered an intersection not in safety, which constitutes negligence per se.

11.10 Defendant failed to property inspect, maintain, and repair the vehicle operated, owned by, and/or under the control of Defendant.

11.11 Defendant failed to stop at a stop sign which constitutes negligence per se.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for damages as set out herein; pre and post-judgment interest at the maximum rate allowed by law; costs of court; and such other and further relief, both general and special, to which Plaintiffs may be entitled at law or in equity.

Respectfully submitted:

MESTEMAKER, STRAUB & ZUMWALT
 By: /s/ *Youssef Abdelhafiz*
Youssef Abdelhafiz
State Bar No. 24124056
Fed ID: 3888869
ya@mandsattorneys.com
**(Do not use this e-mail for service of documents)**
 By: /s/ *Norman Straub*
Norman Straub
State Bar No. 00793002
nstraub@mandsattorneys.com
**(Do not use this e-mail for service of documents)**
 By: /s/ *Jonathan B. Zumwalt*
Jonathan B. Zumwalt

*Plaintiffs' Original Complaint*

State Bar No. 24053570
jbz@mandsattorneys.com
**(Do not use this e-mail for service of documents)**

3100 Timmons Lane, Suite 455
Houston, Texas 77027
Tel: (713) 626-8900/Fax: (713) 626-8910

ATTORNEYS FOR PLAINTIFFS